|                                                                                                                                                       |                        |
| ----------------------------------------------------------------------------------------------------------------------------------------------------- | ---------------------- |
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO                                                                                               |                        |
| JOSHUA NIEVES MARQUEZ, by and through his parents JESUS NIEVES and LEONOR MARQUEZ, and on their own behalf,<br><br>Plaintiffs,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO; DEPARTMENT OF EDUCATION, through its Secretary, Hon. César Rey; ELSIE TRINIDAD; EDNA ROSA COLON,<br><br>Defendants. | Civil No. 02-2480 (JAF) |

**O R D E R**

Plaintiffs, Joshua Nieves Márquez ("Joshua"), a developmentally-delayed and hearing-impaired teenager who attends public school in Puerto Rico, and his parents, brought the present action against Defendants, the Commonwealth of Puerto Rico; the Department of Education, through its Secretary, César Rey; the Director of the María Bas de Vázquez School, Elsie Trinidad; and the Director of the Bayamón Region of the Department of Education, Edna Rosa Colón. Docket Document No. 1. Plaintiffs alleged violations of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400-1487 (1994 & Supp. 2004); the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165 (1994 & Supp. 2003); the Rehabilitation Act, 29 U.S.C. §§ 701-796 (1994 & Supp. 2004); th

Civil No. 02-2480 (JAF) -2-

Civil Rights Act of 1964, 42 U.S.C. § 2000 (1998 & Supp. 2002); 42 U.S.C. § 1983 (1998 & Supp. 2004); and Puerto Rico law, for Defendants' failure to provide Joshua with a sign-language interpreter ordered for him several months earlier by a hearing officer. Defendants replied to suit by arguing that the federal court lacked jurisdiction under the Eleventh Amendment. Docket Document No. 10. They also sought dismissal of the case on grounds of untimeliness, exhaustion, and lack of statutory standing, and said that the conditions for preliminary injunctive relief had not been met. After hearing the evidence, we granted the preliminary injunction and denied Defendants' motion to dismiss. Docket Document No. 12. Defendants appealed our ruling, Docket Document No. 17, which the First Circuit Court of Appeals affirmed. Nieves-Márquez v. Puerto Rico, 353 F.3d 108 (1st Cir. 2003).

This case was the subject of a trial on the merits which ended October 15, 2004. The parties reached a settlement that was to be implemented through an order entered on October 27, 2004, Docket Document No. 66.

Almost one year after the trial and settlement, the Defendants are still squabbling and refusing to fully meet their obligations under the stipulations. See Docket Document No. 66, p. 3, ¶¶ 3-4.

The court expressly retained jurisdiction over any and all aspects of the settlement process. A hearing was held on September 20, 2005. To our surprise, Defendants reneged and

Civil No. 02-2480 (JAF)                                                   -3-

pretended to get away with noncompliance of its stipulated obligations. We specifically ordered the payment of all line items chargeable to Defendants under penalty of civil contempt and threat of execution of judgment.

This Order outlines which items are to be paid by Defendants, and which items are to be paid from the settlement moneys deposited with the court for the benefit of the minor Plaintiff. See <u>Docket Document No. 66, pp. 2-3, ¶¶ 1-2</u>.

**Payments to be Made by Defendants**

1. Dr. Raúl Vilá Ramírez' March 10, 2005, invoice for $65.00.
2. Dr. Raúl Vilá Ramírez' May 5, 2005, invoice for $65.00.

**Total payable to Dr. Vilá Ramírez: $130.00.**

3. Programa de Asistencia Tecnológica ("PRAT"), University of Puerto Rico - Invoice dated April 11, 2005, for **$150.00.**
4. Héctor Noel Torres, Puerto Rico Opportunity Program ("PROP") - Invoice dated June 9, 2005, for **$50.00.**
5. María de los Angeles Rosa, Special Education Teacher, Academic and Speech Reading Evaluation - Invoice dated August 5, 2005, for **$910.00.**
6. Aida Luz Matos, Court Monitor - Balance due as of February 15, 2005, in the amount of $5,100.00.
7. Aida Luz Matos, Court Monitor - Balance due on Invoice dated March 28, 2005 for $1,500.00.

Civil No. 02-2480 (JAF)                                                -4-

8. Aida Luz Matos, Court Monitor - Invoice dated September 1, 2005, for $600.00.

**Total Payable to Court Monitor Aida Luz Matos: $7,200.00.**

**Payments to be Made by Plaintiffs and/or Shared**

9. Regarding the equipment for home use recommended by PRAT, totaling **$4,285.00,** the payment will be made chargeable to Plaintiffs' funds deposited with the court.  See Docket Document No. 66, producing party 2-3 ¶¶ 1-2.

10. Regarding the hearing aids ordered by Dr. Raúl Vilá Ramírez, we note that this digital equipment substitutes a previous analog set of hearing aids provided by Defendants, which was useless due to constant malfunction.  The cost of the new set, **$6,500.00,** shall be chargeable **50%** to the Defendants ($3,250.00) and **50%** ($3,250.00) to Plaintiffs' funds deposited with the court.  Any further purchases or improvements related to this equipment will be chargeable to Plaintiffs.  This is the best equitable distribution of the cost of this item.  On the one hand, the Defendants failed in their original obligation to provide the proper hearing aids that have the special "boot" to match with the FM-System that the Defendants' school must provide to Plaintiff's teachers.  On the other hand, Plaintiff and his parents have agreed in the stipulation for settlement that

Civil No. 02-2480 (JAF)                                                    -5-

1    the moneys paid to Plaintiffs are allocated to cover for
2    special medical and educational expenses as suggested by
3    competent medical experts if approved by the court.
4         Lastly, the court **ORDERS** that these payments be made through
5    court deposit **within the next twenty (20) calendar days** under penalty
6    of civil contempt and execution of judgment.  The court will not
7    tolerate any deviation from this disposition.
8         **IT IS SO ORDERED.**
9         San Juan, Puerto Rico, this 22nd day of September, 2005.

10                              S/JOSÉ ANTONIO FUSTÉ
11                              JOSE ANTONIO FUSTE
12                              Chief U. S. District Judge